IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3234-D

| | | |
|---|---|---|
| CHRISTOPHER LEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLINE TAYLOR, and | ) | |
| PETER B. WOGLOM, | ) | |
| | ) | |
| Defendants. | ) | |

On June 21, 2017, Magistrate Judge Numbers issued an Order and Memorandum and Recommendation ("M&R") [D.E. 42]. In that M&R, Judge Numbers recommended denying defendant Peter B. Woglom's ("Woglom") motion to dismiss [D.E. 27] and denying defendant Caroline Taylor's ("Taylor") motion for judgment on the pleadings [D.E. 36]. Judge Numbers also directed plaintiff Christopher Lemons ("Lemons") to show cause why his complaint should not be dismissed for failure to prosecute. On June 28, 2017, Lemons responded to the show cause order [D.E. 43]. On July 3, 2017, Taylor objected to the M&R [D.E. 44]. Woglom did not respond to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

As to those portions of the M&R to which defendants did not object, the court has reviewed the M&R and the record. There is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R to which there was no objection.

As for Taylor's objections, they merely restate arguments Taylor made to Judge Numbers concerning exhaustion of administrative remedies. <u>Compare</u> [D.E. 37] 7–10, <u>with</u> [D.E. 44] 2–6. Lemons's grievance, however, gave prison authorities fair notice of, and the opportunity to address, the problem that formed the basis of his complaint. <u>See</u> M&R at 3–4. Thus, Lemons's claims are exhausted. Whether Lemons's claims will survive a motion for summary judgment is an issue for another day. Accordingly, the court overrules Taylor's objections and denies Taylor's motion for judgment on the pleadings.

As for the show cause order, Lemons responded and stated:

> My name is Christopher Lemons and on 6/23/2017 I received an order & memorandum & recommendation from the Clerk's office. I have a situation and need some assistance. I'm no longer in possession of <u>any</u> of the documents that relate to this case. There was a flood in my cell and a lot of my papers were trashed. . . . I have none of the papers from the defendant neither.

Pl.'s Resp. [D.E. 43] (emphasis in original).

Based on this response, the court will not dismiss Lemons's complaint for failure to prosecute. Lemons is admonished that any failure to respond to a dispositive motion may result in the summary dismissal of his claims. In light of Lemons's contention that his legal materials have been destroyed, the Clerk of Court shall mail Lemons a courtesy copy of his complaint and attachments [D.E. 1].

In sum, after reviewing the M&R, the record, and Taylor's objections, Taylor's objections [D.E. 44] are OVERRULED, and the court ADOPTS the conclusions in the M&R [D.E. 42]. Woglom's motion to dismiss [D.E. 27] and Taylor's motion for judgment on the pleadings [D.E. 36]

2

are DENIED. The Clerk of Court shall mail Lemons a courtesy copy of his complaint and related attachments [D.E. 1].

SO ORDERED. This 1 day of August 2017.

*Jam Dever*
JAMES C. DEVER III
Chief United States District Judge